IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-10225-01-WEB |
| ) | |
| JOEL RODRIGUEZ-CHAVEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

The defendant Joel Rodriguez-Chavez was found guilty by this court on one count of making false declarations to the court in a § 2255 motion, in violation of 18 U.S.C. § 1623.  The defendant came before the court for sentencing on May 16, 2007, at which time the court orally ruled on the parties' objections to the Presentence Report and on the defendant's Motion for Downward Departure.  This written memorandum will supplement the court's oral rulings on these matters.

I. *Government's Objection*.

The Government argues the defendant should receive a 2-level increase for Obstruction of Justice under USSG § 3C1.1.  The Government argues the increase is warranted based on the defendant's testimony at the bench trial.  It notes the Court specifically found in its Memorandum and Order that the defendant's testimony was not credible.  The defendant denies that he obstructed justice and argues against the enhancement.

Section 3C1.1 provides in part that if the defendant willfully obstructed or impeded the administration of justice with respect to the prosecution of the offense, or if he attempted to do so, and the obstructive conduct related to the offense of conviction, the offense level should be

increased by 2. Committing perjury during the prosecution of an offense on a matter that forms the basis of the offense is the type of conduct that qualifies for the enhancement. USSG § 3C1.1, comment. (n. 4(b)).[1] In order to apply this enhancement, the court must identify the perjurious statements. It must also make factual findings on all of the predicates for perjury, including that the statement was false, that it was material, and that it was made with willful intent. *See e.g., United States v. Hawthorne*, 316 F.3d 1140, 1147 (10th Cir. 2003).

After considering the evidence at trial, the court concludes that the enhancement should be applied. Specifically, the court finds the defendant willfully provided false testimony on a material matter when he testified he did not know that his 2255 motion represented that counsel never spoke to him about the offense and made him sign a plea agreement involuntarily. The evidence showed the defendant was in fact the source of these allegations and he knew they were contained in the § 2255 motion. Moreover, the evidence showed that his false testimony on the this point was not due to confusion, mistake or lack of memory, but was a product of willful intent. Also, the testimony was directly related to the basis of the charge against him and was material. *See* USSG 3C1.1, comment. (n.6) ("material" means evidence that, if believed, would tend to influence or affect the issue under determination). Under the circumstances, the court finds a 2-level increase for obstruction of justice is appropriate. With this adjustment, the court finds the total offense level is 16 and the Criminal History Category is VI, resulting in an advisory guideline range of 46-57 months.

---

[1] Where, as here, a defendant is convicted of an offense covered by the perjury guideline (§ 2J1.3), the obstruction enhancement is not to be applied to the offense level for that offense "except if a significant further obstruction occurred during the ... prosecution of the obstruction offense itself ...." USSG § 3C1.1, comment. (n. 7). The court concludes that the false testimony given by the defendant at trial constitutes a significant further obstruction within the meaning of this section.

II. *Defendant's Objections and Motion for Departure*.

*Objection No. 1* - Defendant states that he "renews all objections made by his attorney to criminal history in 03 CR 10180 in U.S. District Court in Kansas." As the court understands this objection, it relates to Judge Belot's finding in Case No. 03-10180 that there were grounds for an upward departure based on defendant's extensive history of DUI convictions. Because the court does not intend to impose an upward departure in this case, however, the court finds the objection should be denied as moot.

*Objection No. 2* - Defendant next objects to Part E of the PSR, which sets forth possible grounds for an upward departure. Again, because the court does not intend to depart from the Guidelines, the court denies this objection as moot.

*Objection No. 3* - Defendant objects on the ground that he should receive a 2-level reduction for acceptance of responsibility. Under USSG 3E1.1, a 2-level reduction applies "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense,..." A reduction for acceptance of responsibility is not intended to apply, however, "to a defendant who puts the government to its burden of proof at trial, is convicted, and only then admits guilt and expressed remorse." USSG 3E1.1, comment. (n. 2). The defendant denied the essential factual elements of guilt in this case and put the Government to its burden of proof. He is not entitled to a reduction under this section.

*Objection No. 4* - Defendant's fourth objection relates to the obstruction enhancement. For the reasons previously stated, the court finds this objection should be denied.

*Objection No. 5, and Motion for Departure* - Finally, defendant argues that a downward departure is warranted. He argues the conviction arose in part because he does not speak English well, he has no legal training, and he relied on the advice of a "jail house lawyer" in filing his 2255

motion. He also argues that the offense did not cause any real harm, because the arguments in his 2255 motion were meritless and were promptly rejected by the court. He further argues that the factors in Section 3553(a) warrant a sentence below the guideline range or a sentence that runs concurrently with his sentence in Case No. 03-10180.

The defendant has not identified any grounds for a traditional "departure" under the sentencing guidelines, and the court finds no circumstances that would place his case outside the heartland of cases covered by the guidelines. Moreover, based on the factors in 18 U.S.C. § 3553(a), including the need for the sentence imposed to provide just punishment and to afford adequate deterrence to criminal conduct, the court finds that a sentence at the low end of the advisory Guideline range is appropriate in this case, with this sentence to run consecutively to the defendant's sentence in District of Kansas Case No. 03-10180-MLB. *Cf.* USSG 5G1.3(a) (if instant offense was committed while in prison, sentence shall be consecutive to the undischarged term of imprisonment).

III. *Conclusion*.

The Government's objection to the Presentence Report is GRANTED. The defendant's objections to the Presentence Report and his Motion for Downward Departure (Doc. 20) are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   17th   Day of May, 2007, at Wichita, Ks.

                                      s/Wesley E. Brown
                                      Wesley E. Brown
                                      U.S. Senior District Judge