IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-10225-01-WEB |
| ) | 09-1196 |
| JOEL RODRIGUEZ-CHAVEZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

This case comes before the court on the Defendant' Motion to Vacate, Set Aside, and to Correct, Modify, Resentence or Set for New Trial Pursuant to Title 28 United States Code 2255 (Doc. 38).

I. History

The defendant was convicted in criminal case 03-10180-MLB and he appealed. His conviction and sentence was affirmed, United States v. Rodriguez-Chavez, 153 Fed.Appx. 524 )10th Cir. 2005), and he filed a motion pursuant to 28 U.S.C. § 2255. The district court denied his Motion to Vacate, and the defendant appealed. The defendant's appeal was dismissed. The defendant was then charged in 06-10225-WEB with False Declarations to the Court, in violation of 18 U.S.C. § 1623(a), based on the statements made in his Motion to Vacate. The defendant was convicted at a bench trial, and sentenced to 46 months imprisonment, to run consecutively to 03-10180-MLB. The defendant filed an appeal, and his conviction was affirmed. United States v. Rodriguez-Chavez, 291 Fed.Appx. 915 (10th Cir. 2008). The defendant then filed this Motion to Vacate.

II. Defendant's Motion

1

The defendant argues that the court presumed the United States Sentencing Guidelines were reasonable, including the enhancements, in violation of United States v. Rita, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).  He also argues that the court's sentencing procedure did not comply with the Fifth, Sixth, or Eighth Amendment, therefore his conviction and the enhancements to his sentence are invalid.  The defendant requests a new sentence without the enhancements.

III.  Standard

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.

IV.  Discussion

Before the district court orders the respondent to reply to a habeas petition, the court "must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4, Rules Governing Section 2255 Proceedings. After review, the court finds it is clear the petitioner is not entitled to relief.  The respondent is not ordered to respond.

The defendant argues the court presumed the guidelines were reasonable when he was sentenced.  The defendant provides no evidence or documentation to support this statement.  A

review of the record shows the court considered the advisory guidelines, the factors set forth in 18 U.S.C. § 3553(a), and the defendant's departure argument. The court found a sentence of 46 months, the low end of the guideline range, was an appropriate sentence for the crime of conviction.

The defendant relies on <u>Rita v. United States</u>, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), to argue that the judge cannot presume the Guideline sentence is reasonable and should apply. In <u>Rita</u>, the Supreme Court found that the appellate court can presume that a sentence within the guidelines is a reasonable sentence. <u>Id</u>. at 351. The sentencing court does not have the benefit of the presumption. <u>Id.</u> The sentencing court should consider the calculation of the applicable advisory guideline range, the application of section 3553 factors, and the arguments of the parties. <u>U.S. v. Geiner</u>, 498, F.3d 1104, 1107 (10th Cir. 2007). A district judge may not rest solely on the authority of the sentence guidelines but must weigh all relevant 3553 factors. <u>United States v. Angel-Guzman</u>, 506 F.3d 1007, 1016 (10th Cir. 2007). As stated above, the court considered the advisory guidelines, the factors set forth in section 3553(a), and the arguments of counsel. The defendant has not shown that the court presumed the guideline sentence was reasonable without consideration of the other factors.

The defendant states that he was sentenced in violation of the Fifth, Sixth, and Eighth Amendments. However, without a more specific statement as how his sentence violates the Amendments, the court will not attempt to guess or create the defendant's argument. The defendant must make more than a conclusory allegation to show his sentence was imposed in violation of the Constitution or laws of the United States. See 28 U.S.C. § 2255(a). The defendant has not done so in this case.

IT IS THEREFORE ORDERED for the reasons stated above the defendant's Motion to Vacate (Doc. 38) pursuant to 28 U.S.C. § 2255 is DISMISSED.  The clerk is directed to forward a copy of this order to the defendant.

IT IS FURTHERED ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 6th day of August, 2009 at Wichita Kansas.


    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge